BRADLEY E. JEWETT (SBN 222773)
bjewett@sandersroberts.com
**SANDERS ROBERTS & JEWETT LLP**
1055 West 7th Street, Suite 3050
Los Angeles, California 90017
Telephone: 213-426-5000
Facsimile: 213-234-4581
**Attorneys for Plaintiff**
**EDEN SURGICAL CENTER**

Jon T. Neumann (SBN 277331), jneumann@steptoe.com
Jerome A. Jordan (SBN 284824), jjordan@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 700
Los Angeles, California 90071
Phone: (213) 439-9400
Facsimile: (213) 439-9599
**Attorneys for Defendants**
**COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION and COGNIZANT HEALTH & WELFARE BENEFIT HEALTH PLAN**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| EDEN SURGICAL CENTER, a California medical company,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, in its capacity as Plan Administrator of the Cognizant Group Health Plan; COGNIZANT GROUP HEALTH PLAN,<br><br>　　　　Defendants. | Case No.: 2:15-CV-01633-RGK-E<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:　　October 5, 2015<br>Time:　　9:00 a.m.<br>Courtroom: 850 |

- 1 -
JOINT RULE 26(f) REPORT

Plaintiff Eden Surgical Center ("Eden") and defendants Cognizant Technology Solutions U.S. Corporation ("Plan Administrator") and Cognizant Health & Welfare Benefit Health Plan (the "Plan"), hereby submit their Joint Rule 26(f) Report.

## CLAIMS AND ISSUES IN THE ACTION

### A.  STATEMENT OF CASE

#### Eden's Position

Eden is an ambulatory surgery center operating in Los Angeles, California. The Plan and the Plan Administrator (collectively, "Defendants") are a healthcare plan and plan administrator, respectively, that operate in Los Angeles, California.

Prior to providing medical services, Eden verified in a *recorded* telephone call that the subject plan participant ("Participant") was a covered beneficiary under the Plan. Prior to receiving medical care from Eden, the Participant assigned her benefits and ERISA representative rights under the Plan to Eden. Eden was specifically advised on this *recorded* call that the Plan does not contain an anti-assignment provision, and that assignment is permitted.

The Participant entered into a written assignment of benefits and rights with Eden relating to her anticipated medical procedures. In September of 2014, Eden provided medical services to the Participant, based, *inter alia*, upon the information and representations of coverage Defendants provided.

Thereafter, Eden submitted a claim for reimbursement for an amount in excess of $30,000 ("Eden's Claim"). <u>Defendants issued an adverse benefit determination on Eden's Claim and paid nothing</u>.

Eden consequently demanded in writing that Defendants produce the contracts, agreements and documents under which the Plan is established and/or operated, including all relevant information, records and documents regarding the processing of Eden's Claim (the "Documents"), pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560-503.1 paragraphs (g), (h) and (m). Defendants

failed and refused to produce any relevant materials, and essentially refused to participate in the administrative process.

Eden alleges that administrative remedies were exhausted based upon Defendants' defective adverse benefit determination notices, and also based upon Defendants' failure to participate in the administrative process.

Given these underlying facts, and Defendants' failure to communicate in a reasonable manner or produce the Documents, Eden filed the present action. The First Amended Complaint consists of claims for Disclosure (under ERISA and the Regulations), Benefits, and Discretionary Statutory Penalties.

Eden anticipates the Defendants will eventually identify purported anti-assignment language in a plan document that is currently being withheld for strategic purposes. Defendants cannot hide behind provisions in documents that they refused to produce in accordance with ERISA and the Regulations. After concealing highly relevant information, Defendants cannot use it at their convenience to avoid liability. *Harlick v. Blue Shield of California* 686 F.3d 699, 719-721 cert. denied, (U.S. 2013) 133 S.Ct. 1492 (9th Cir. 2012).

Eden seeks unpaid benefits, an order for the production of the Documents, statutory penalties for Defendants' failure to disclose the Documents, attorneys' fees. Interest and costs. *Crotty v. Cook*, 121 F.3d 541, 546-7 (9th Cir. 1997); *Sgro v. Danone Waters of North America, Inc.*, 532 F.3d 940, 945 (9th.Cir. 2008).

**Defendants' Position**

Plaintiff Eden Surgical Center is attempting to bring a derivative suit which asserts three causes of action under ERISA against the Plan and the Plan Administrator (collectively, "Defendants"). Eden's First Amended Complaint ("FAC") alleges that it received an assignment of benefits and rights from a plan participant and verified that the participant's rights were assignable before submitting any claims to Defendants. Eden further alleges that its claims were denied and Defendants failed to produce various documents to Eden related to the

establishment and operation of the Plan and the adverse benefit determination. In addition to the enumerated defenses set forth in Defendants' Answer to the FAC, Defendants assert that Eden was prohibited from submitting any claims to the Plan as an assignee.

Eden's entire case rests on an alleged assignment of benefits and rights it received from a plan participant. However, the Plan has a clear anti-assignment provision which prohibits the assignment of any rights under the Plan. The Ninth Circuit Court of Appeals has held that such anti-assignment provisions in health and welfare plans are enforceable. *See Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476, 1481 (9th Cir. 1991) ("ERISA welfare plan payments are not assignable in the face of an express anti-assignment clause in the plan."). Consequently, Eden's claims must fail because the Plan does not permit the assignment of a participant's rights and benefits under the Plan.

Moreover, Eden asserts that it recorded a telephone conversation between its consultant and a customer service representative for Aetna Life Insurance Company ("Aetna"), the Plan's claims administrator, in which the customer service representative allegedly advised Eden that the plan participant's rights were assignable under the Plan. Defendants contend this allegation is factually inaccurate and, in any event, would constitute an impermissible modification of the Plan and Aetna's customer service representative did not have authority from the Defendants to modify the Plan. Eden is attempting to impermissibly stand in the shoes of the plan participant as an assignee, however, Defendants have no obligations to Eden under the Plan and therefore, any and all claims asserted against the Defendants in the FAC should be dismissed.

## PARTIES BY DEFENDANT AND LIKELIHOOD OF ADDITIONAL PARTIES

Neither Eden nor Defendants anticipate the appearance of any additional parties in the action, but reserve the right to timely name additional parties if

1 necessary.

## LIKELIHOOD OF DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS

The parties anticipate filing cross motions for summary judgment/ adjudication, and expect that the ERISA claims set forth in this lawsuit will be resolved thereby.

With respect to the cross motions for summary judgment/adjudication, the parties have not yet conducted the required conference of counsel under Local Rule 7-3.

## LIKELIHOOD OF AMENDMENTS TO PLEADINGS

The parties do not anticipate any further amendment to the operative pleadings, however Eden reserves the right to do so if necessary.

## DISCOVERY AND EXPERTS

The parties intend to pursue discovery as to all pending claims.

A. Changes In Disclosures Under Rule 26(f)

The parties do not believe changes in the disclosures under F.R.C.P. Rule 26(f) are necessary.

B. Depositions

Eden does not anticipate that that the taking of depositions will be necessary. Defendants anticipate that it will take the deposition of Lawrence Reich, the purported agent of Eden who allegedly made the phone call referenced in Plaintiffs' Complaint. The names of additional individuals and entities to be deposed will be determined after the initial disclosure of witnesses required by F.R.C.P. Rule 26(a)(1).

C. Requests for Production of Documents

The parties anticipate propounding requests for production of documents and other tangible things, as appropriate.

D. Requests for Admissions



1  The parties anticipate propounding requests for admissions. The parties
2  anticipate stipulating to (1) the authenticity of documents to be used at trial, and
3  (2) undisputed facts, as appropriate.

4      E.    <u>Interrogatories</u>

5  The parties anticipate propounding interrogatories.

6      F.    <u>Discovery Phases</u>

7  The parties agree that discovery will take place in accordance with the
8  timeline set forth below and that discovery does not need to be otherwise limited.

9      G.    <u>Agreements Concerning Electronically Stored Information</u>

10 As of the date of this Report, no agreement has been made between the
11 parties regarding identification, maintenance or production of electronically stored
12 information. The parties agree that it is unclear as to whether this will evolve into
13 an issue in this litigation and do not require any such agreement at this time.



14     H.    <u>Initial Disclosure of Witnesses and Documents</u>

15 The initial disclosure of witnesses and documents required by F.R.C.P. Rule
16 26(a)(1) will take place in accordance with the timeline set forth below.

17     I.    <u>Applicable Limitations</u>

18 The parties submit that no discovery limitations need be imposed at this time
19 in this action, beyond those set forth in the Rules or those that may be set by the
20 Court upon application.

21     J.    <u>Expert Witness Disclosures</u>

22 The parties have not yet determined whether expert witnesses will be
23 required in this action. If after initial disclosures the parties change their position
24 on this issue, experts will be disclosed in accordance with the proposed dates set
25 forth below.

26 **TRIAL**

27 While the parties presently anticipate this action may be resolved by the
28 above-mentioned cross motions for summary judgment/adjudication, if a trial is

necessary, the parties' preliminary estimate of the time required for the trial is two (2) days. The parties agree that the trial will be conducted by the Court, as required by ERISA.

### SETTLEMENT

The parties have not engaged in settlement discussions, and do not believe settlement is likely at this time. If the parties are required to participate in the ADR process, they would prefer a Settlement Conference with a Magistrate Judge from the Central District Court.

If the Court orders the parties to mediation, they request to proceed with a mediator selected from the Court's Mediation Panel.

### CASE COMPLEXITY

The parties agree that the case is not complex and thus does not require reference to the procedures set forth in the Manual on Complex Litigation.

### UNUSUAL ISSUES AFFECTING STATUS OF THE CASE

The Parties are not currently aware of any unusual issues that might affect the status or management of this action other than referenced above.

### SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF

The parties do not believe there is any reason to sever, bifurcate, or otherwise modify the proceedings in this action.

### LEAD COUNSEL ARE REGISTERED ECF USERS

Lead counsel for Plaintiff and Defendants are registered ECF Users.

Mr. Jewett's Email Address is: bjewett@sandersroberts.com

Mr. Neumann's Email Address is: jneumann@steptoe.com

### PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

The parties propose and are agreeable to the following schedule of pretrial and trial dates:

- Initial disclosures will be served by November 2, 2015

- Fact discovery must be completed by February 26, 2016
- Reports from retained experts under Rule 26(a)(2) due:
    - from Plaintiff(s) by March 11, 2016 (30 days after close of fact discovery)
    - from Defendant(s) by March 25, 2016
- Close of expert discovery April 8, 2016
- Dispositive motions are due May 8, 2016 (30 days after the close of expert discovery)
- Responses to dispositive motions are due 30 calendar days after service of dispositive motions
- Replies to responses to dispositive motions are due filed 21 days after service of responses to dispositive motions
- Hearings on dispositive motions are to be set by the Court
- [Proposed] trial date to occur in August 2016.

Dated: September 28, 2015          **SANDERS ROBERTS & JEWETT LLP**

By:*/s/ Bradley E. Jewett*
    Bradley E. Jewett
    Attorneys for Plaintiff
    **EDEN SURGICAL CENTER**

Dated: September 28, 2015          **STEPTOE & JOHNSON LLP**

By:*/s/ Jon T. Neumann*
    Jon T. Neumann
    Jerome A. Jordan
    Attorneys for Defendants
    **COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION and COGNIZANT HEALTH & WELFARE BENEFIT HEALTH PLAN**